## In Equity.

### THE FIRST NATIONAL BANK OF AUBURN

*vs.*

### EASTERN TRUST AND BANKING COMPANY et als.

Androscoggin.    Opinion February 24, 1911.

*Chattel Mortgages. Sale by Mortgagor. Following Proceeds. Banks and Banking. Deposits. Trust Fund.*

1. When a mortgagor of personal property is entrusted by the mortgagee with the property to sell, with the understanding that the proceeds of the sale are to belong and be paid to the mortgagee, the latter is entitled to the proceeds when the sale is made, and can follow and recover them in the hands of third persons receiving them with notice of their character.

2. When a mortgagor of personal property entrusted to him by the mortgagee to sell and pay over the proceeds, deposits them in a bank to his personal account, and the bank is soon afterward notified of the origin and character of the fund so deposited, it cannot after such notice apply the deposit in payment of the depositor's indebtedness to the bank.

3. The deposit of a particular fund in a bank to the general credit of the depositor does not necessarily destroy the identity of the fund. If it can nevertheless be identified, it, or so much of it as has not been disposed of by the bank before notice, can be recovered of the bank by the person entitled to it.

4. The relation between a mortgagee and the mortgagor of personal property entrusted to the latter to sell and pay over the proceeds to the former is not simply that of vendor and vendee, or creditor and debtor, but is of a fiduciary character, and a bill in equity may be maintained by the mortgagee to recover such proceeds from any person holding them with notice of the mortgagee's title.

In equity. On appeal by defendant bank. Decree below affirmed.

Bill in equity brought by the plaintiff against the Eastern Trust and Banking Company of Bangor, and the trustees in Bankruptcy of the H. J. Willard Company, a corporation, to recover the sum

of $640, which it alleged the defendant bank received as a deposit made for the purpose of securing the discharge of a mortgage on an automobile which was sold in Bangor by said H. J. Willard Company acting as agent for the plaintiff, and praying that the defendant bank be ordered and directed to pay said sum of $640 to the plaintiff bank. The cause was heard on bill, answers, replication and proof, and the Justice hearing the cause ordered, adjudged and decreed that the plaintiff recover of the defendant bank the sum of $640 and interest. The defendant bank then appealed to the Law Court as provided by Revised Statutes, chapter 79, section 22.

The facts so far as material, are stated in the opinion.

*Tascus Atwood*, for plaintiff.

*E. C. Ryder*, for defendant bank.

SITTING : EMERY, C. J., WHITEHOUSE, SPEAR, KING, BIRD, JJ.

EMERY, C. J. The H. J. Willard Company was engaged in the business of buying and selling automobiles. The plaintiff bank advanced the money to the Willard Company to purchase several automobiles and took a separate promissory note with a bill of sale of each automobile. The bank further authorized the Willard Company to sell each automobile for the purchase of which it had advanced the money and received the bill of sale. The Willard Company sold an automobile with the understanding, implied at least, that enough of the proceeds of the sale should be remitted to the plaintiff bank to pay the amount due the bank on that automobile.

The Willard Company, however, did not remit any of the proceeds to the plaintiff bank, but deposited them to its own credit in the defendant bank with which it had a deposit account. At the time of the deposit the defendant bank had no notice of the title of the plaintiff bank to the money thus deposited, nor of the facts relied upon as showing such title, and simply credited the amount to the Willard Company's deposit account. The next day, or soon after, however, and before it had made any disposition of the money other than to pay some checks of the Willard Company, it received

distinct notice of the plaintiff bank's title and also a demand to pay over to the plaintiff bank so much of the money as had not then been checked out by the Willard Company without notice.    Considerably later, the defendant bank applied the balance then appearing on its book to some overdue notes of the Willard Company, and overdue at the time of the deposit.

As between the plaintiff bank and the Willard Company there can be no doubt that in equity, at least, the particular money paid to the Willard Company by the  purchaser of the automobile belonged to the plaintiff, at least, to the extent of the amount necessary to repay the bank for its advances.

The case *McLarren* v. *Brewer*, 51 Maine, 402, was a case of a sale of mortgaged property by a mortgagor.   The court in sustaining the bill in equity said, page 404,  "It is a well settled doctrine that a mere change of property from one form to another cannot in itself divest the owner, or those who have distinct and immediate rights in the thing in its original shape, of their property in it."   It is further said on the same page "This doctrine has been applied to agents, factors and trustees where the sale has been rightfully made."

The defendant bank did not acquire any better title to the money than did the Willard Company, except that it was protected in the disposition of the money in the  regular course of business made before it had notice of the circumstances and the consequent title of the plaintiff bank.   After that, it was bound to pay over to the plaintiff bank or its order what then remained undisposed of.   It had no right after such notice to make any other disposition of the money.

Of course, the plaintiff bank could not maintain an action  if before notice of its claim the identity of the money had been lost; if it could not be shown that the money, or part of it, in  the defendant bank at the time of the notice was the proceeds of the plaintiff's automobile.   For instance, if before notice the defendant bank had paid out in the regular course of business all the deposit that was the proceeds of the automobile, and the Willard Company had subsequently deposited other money derived from other sources,

to which money the plaintiff had no title, the plaintiff could not recover that money to satisfy its claim for the first money. As to the later deposit, the defendant would not be the debtor of the plaintiff.

The defendant bank urges that the identity of the money in question was lost when it was deposited. It may be difficult to trace the money after a general deposit of it in a bank to the personal credit of the person who was bound to pay it to someone else, but a deposit of it in a bank does not necessarily destroy its identity. It may still be shown to be money belonging to the plaintiff. *Houghton* v. *Davenport,* 74 Maine, 590 ; *Cushman* v. *Goodwin,* 95 Maine, 353.

In this case the original amount to the credit of the Willard Company in the defendant bank is known, and no other deposit was made after the one in question. Deducting this original credit and also the checks paid by the defendant bank before notice, the balance was clearly the proceeds of the automobile. It is the fund that is to be identified, not the particular coins or bank bills.

The defendant bank further urges that whatever right the plaintiff bank may have to the deposit made by the Willard Company, the remedy by action at law for money had and received is "plain, adequate and complete," and hence the court has no jurisdiction in equity. But the relation between the plaintiff bank and the Willard Company was not merely that of vendor and vendee, or creditor and debtor. There was a fiduciary relation between them. The Willard Company was not simply bound to pay a debt. It was bound to render an account and pay over the balance of a particular fund, the proceeds of the sale of the plaintiff's property entrusted to it for sale. Further, the plaintiff's title to the fund in the defendant bank was equitable rather than legal. Until notified of the plaintiff's claim, the defendant bank was simply a debtor to the Willard Company for the amount and could dispose of it at pleasure with all the rights of a legal owner. That these circumstances authorize the court to proceed in equity for the enforcement of the plaintiff's right is well settled. *McLarren* v. *Brewer,* 51 Maine, 402 ; *Houghton* v. *Davenport,* 74 Maine,

590; *Cushman* v. *Goodwin*, 95 Maine, 353; *National Bank* v. *Insurance Company*, 104 U. S. 54; *Union Stockyards Bank* v. *Gillispie*, 137 U. S. 411.

Shortly after making the deposit in question the Willard Company was petitioned into bankruptcy, and the trustees were made parties to this bill, but they make no claim to the fund as against the plaintiff bank.

The decree entered by the sitting Justice being in accordance with the foregoing principles must be affirmed.

*Decree affirmed with costs of appeal.*